**R.I. Bankr. Form W.1**
*See,* R.I. LBR 3015-1

**[Required for cases filed
on or after 4/1/09]**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF RHODE ISLAND

**CHAPTER 13**

IN RE:  MARK A. DAIGNAULT          **CASE NO. 09-14723**



Debtor(s)


## CHAPTER 13 PLAN AND APPLICABLE MOTIONS DESIGNATED BELOW:


**(X) MOTION TO AVOID LIEN(S)
(X) MOTION TO MODIFY SECURED CLAIM(S)
(  ) MOTION TO ASSUME/REJECT LEASE(S)**


**If you oppose any provision of this plan and/or any motions contained within, you MUST FILE A TIMELY WRITTEN OBJECTION.  This plan and any motions contained within may be confirmed and become binding on you without further notice or hearing unless a written objection is filed no later than seven (7) days before the hearing date on confirmation, which is scheduled for      February 12, 2010 at 10:00 a.m.**

Your objection to confirmation must include the specific reasons for your objection, and must be filed with the Court no later than seven (7) days before the hearing date on confirmation. *See* LBR 3015-3(b)(1).   If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadline stated above. You must also serve a copy of your objection to confirmation on the debtor(s), the attorney for the debtor(s), and the Chapter 13 trustee at their addresses as they are listed in the notice of the meeting of creditors.  *See* LBR 3015-2(c)(3).

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed plan of the debtor(s), including any motions contained in the plan, and may enter an order confirming the plan and granting the motions.  Any creditor's failure to object to confirmation of the proposed plan or any of the above checked motions shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1325(a)(5)(A).**

## PLAN PROVISIONS

**DISCHARGE: (Check one)**

    ☐ **X**The debtor will seek a discharge of debts pursuant to Section 1328(a).

    ☐ The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**

    ☐ This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the District of Rhode Island. Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

# I.  PLAN PAYMENTS

**A.**    Payments by the debtor of $   200.00  per month for   36   months plus Federal refunds for the life of the plan. Pursuant to 11 U.S.C. § 1326(a)(1), unless the Court orders otherwise, the debtor shall commence making payments not later than 30 (thirty) days after the date of the filing of the plan or the order for relief, whichever is earlier.

**B.**    In addition to the above specified plan payments, other lump sum payments from any source (describe specifically) shall be paid to the trustee as follows:

**C.**    **For amended plans**: **PAYMENT TERMS OF THIS PLAN HAVE NOT CHANGED**

    (1) The plan payments by the debtor shall consist of the total amount previously paid ($_____) added to the new monthly payment in the amount of $ ____ for the remaining ___ months of the plan for a total base amount, as amended, of $____, plus other payments and property stated in Paragraph B above.

    (2) The payment amount shall change effective _____.

**D.**    Payments to the trustee shall be sent to the following address:

        Office of the Standing Chapter 13 Trustee
        P.O. Box 2561
        Providence, Rhode Island 02906

## II.                 ADMINISTRATIVE COSTS

**A.**    Attorney's Fees. The attorney for the debtor(s) has received $ 1201.00   of the total initial attorney fee of $3500.00  . The remainder of the initial fee shall be paid through the plan.

**B.**      Trustee's Costs. The trustee shall be entitled to reimbursement of  fees and costs up to the statutory maximum on each disbursement made by the trustee, regardless of whether it is paid prior to or following confirmation.

## III. FILING OF PROOFS OF CLAIM

**A.**      The trustee shall only distribute payments, including adequate protection payments, to creditors who have actually <u>filed</u> proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 U.S.C. Section 502(a), except as set forth in Section IV B(1) below.

**B.**      The trustee shall mail payments and provide notices to the address provided on the filed proof of claim or amended proof of claim or filed name or address change or assignment or transfer of claim filed with the Court.

## IV. SECURED CLAIMS

**A.**      **Mortgages and Other Direct Payments by Debtor**. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor | Description of Collateral | Contractual Monthly Payments | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| GMAC | Real Estate located at 80 George Allen Rd., Chepachet, RI | **$1455.67** | **$189,600.00** | **Per note** |
| GMAC | Car loan 2005 Chevy Silverado 4x4 extended cab | **$395.00** | **$15,503.00** | **Per note** |
|  |  |  |  |  |

**B.**      **Prepetition Arrearages.**

(1) For purposes of this Plan, Prepetition Arrearages shall include all sums included in the allowed claim and shall have a "0" balance upon entry of the Discharge Order in this case.  In the event that a Secured Creditor listed in this section fails to timely file a proof of claim in this case, by this Plan the Debtor shall be deemed to have timely filed a proof of claim on behalf of each such Secured Creditor pursuant to 11 U.S.C. § 501(c), in the amount set forth below in paragraph (4) below.

(2) No interest will be paid on Prepetition Arrearages unless otherwise stated.

(3) Payments made by the Trustee on Debtor's Prepetition Arrearages shall be applied **only** to those Prepetition Arrearages and not to any other amount owed by Debtor to the Secured Creditor.

(4) Information Regarding the Arrearages:

| Secured Creditor | Description of  Collateral Including Address | Arrearage Amount | *Total to be paid in Plan* |
|---|---|---|---|

| GMAC | Real estate located at 80 George Allen Rd., Chepachet, RI | $15,000.00 | $None |
|------|-----------------------------------------------------------|------------|-------|
|      | $                                                         |            |       |

(5) If Debtor pays the amount(s) specified in section (4) (above), while making all required Post-Petition Payments (see below), Debtor's mortgage will be reinstated according to its original terms, extinguishing any right of the Secured Creditor to recover any amount alleged to have arisen prior to the filing of Debtor's petition.

**Check if applicable:**

## [X]  Motion to Modify Secured Claims

The debtor(s) hereby moves the Court to value the collateral of each of the creditors described in Section C below (except those creditors whose claims are classified to be paid directly or to be paid in full by the Chapter 13 Trustee where Section 506(a) does not apply) at the collateral value stated. To the extent that the amount of the debt of any such creditor exceeds the stated collateral value, the debtor(s) hereby moves the Court that said difference be treated in the Chapter 13 plan as a general unsecured claim without priority.  The debtor(s) further moves the Court that the lien of each creditor listed upon the collateral listed herein above be satisfied upon payment of the collateral value and the issuance of the debtor(s) discharge.

**Pursuant to R.I. LBR 3015-1(c)(1), if the plan includes a motion to modify secured claim, the plan must be served on the lienholder by first class and certified mail.**

**C.     Secured Claims Paid According to Modified Terms.** These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED IN THE PLAN OR AN ADVERSARY ACTION WILL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral including Address and whether a Primary Residence | Value of Collateral | Modified Principal Balance | Interest Rate | Total Plan Payments | Mortgage Position (1st, 2nd, 3rd) | Is Appraisal attached to Plan? | Plan* or Adversary Action? |
|---|---|---|---|---|---|---|---|---|
| Green Tree Servicing LLC | Real estate located at 80 George Allen Rd., Chepachet, RI | $155,000.00 | $0 | n/a | $0 | 2nd | yes | plan |
|  |  | $ | $ | % | $ |  |  |  |
|  |  | $ | $ | % | $ |  |  |  |

| | | $ | $ | % | $ | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**\* PLAN INDICATES THAT THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR FURTHER MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED. <u>IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THE ABOVE MOTION TO MODIFY SECURED CLAIM AND THIS PLAN.</u> OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN.**

**D.    Surrender of Collateral**

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |
| | |

**Check if applicable:**

## [X]  <u>Motion to Avoid Judicial Liens</u>

Judgments were obtained by the creditors listed below in cases before the Rhode Island State Courts**,** and said judgments have been recorded in the Registry of Deeds in the respective city or town hall as follows:

| Creditor | Judgment Book And Page | Registry | Judgment Date | Date of Recording | Amount |
|---|---|---|---|---|---|
| 1. Atlantic Credit & Finance Inc. | Book 542, Page 254 | Glocester | 9/23/09 | | $6637.40 |

2.

The above-stated judgments created liens on the real property in which the debtor(s) has an interest, which real property is more specifically described as <u>80 George Allen Road, Chepachet, RI.</u> The value of the debtor(s)'s interest in this real property is $<u>  155,000.00                    </u>. The aforesaid liens constitute judicial liens under 11 U.S.C. Section 522(f)(1). The property which this judicial lien encumbers is property which the debtor(s) is entitled to exempt under 11 U.S.C. Section 522 and the claimed amount of this exemption is $<u>    1.00            </u>. The existence of this judicial lien impairs the exemption to which the debtor(s) is entitled under R.I.G.L. 9-26-4 or as otherwise applied under applicable state law.

The debtor(s) respectfully moves the Court to issue an order avoiding the judicial liens upon the real property described herein, effective upon discharge.

**Pursuant to R.I. LBR 4003-2 if the plan includes a motion to avoid lien it must be served on the lienholder and lienholder's counsel.**

**E.** **Lien Avoidance**. The debtor moves to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of Collateral |
|---|---|
| Atlantic Credit & Finance Inc. | Real estate located at 80 George Allen Road, Chepachet, RI |
| | |
| | |
| | |

## V. PRIORITY CLAIMS

**PRIORITY CLAIMS**. All claims entitled to priority under 11 U.S.C. Section 507 and 1322 shall be paid in full in deferred cash payments, except for priority claims under Section 507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim.

**A.** **Domestic Support Obligations ("DSOs")** All postpetition DSOs, including postpetition DSOs assigned to a governmental unit, will be paid directly to the holder by the debtor(s) or to the assignee of the claim and not through the Chapter 13 Trustee unless otherwise specified under the "Other Plan Provisions"section of the plan.

    1.   X None

    2.   [  ] DSO applies.

**B.** **DSO Prepetition Arrearages** Owed to DSO Holders Under 11 U.S.C. Section 507(a)(1)(A), or assigned to a governmental unit, to be paid in full through the Chapter 13 plan.

    1.   [ X] None

    2.   Name of holder                      Amount of Arrearage

       (i)

       (ii
       (iii)

**C.** **Priority Claims Other Than DSOs.**

All priority claims other than DSOs shall be paid in full on a pro rata basis after the payment in full of all DSO priority claims.

    (1)  [  ] None

(2)  The names and amounts of all claims entitled to priority under 11 U.S.C. Section 507, other than DSOs:

Name                                                                 Claim Amount

    (i)

    (ii)

    (iii)


# VI. UNSECURED CLAIMS

**General Unsecured Claims Not Separately Classified.**  General unsecured claims shall be paid on a pro rata basis with payments to commence after the payment of all administrative, secured and priority unsecured claims in full. **Debtors estimate that general unsecured and or modified undersecured claimants will receive at least $1000.00 in payments to be divided on a pro rata basis.**

**A.      Claims of Unsecured Nonpriority Creditors Specially Classified.** Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**B.      Claims of General Unsecured Creditors.** The debtor estimates that a total of $  1000.00 will be available for distribution to unsecured creditors on a pro rata basis, which represents an estimated dividend of _____ % of their claims. This percentage is for calculation purposes only. The Plan provides for a specific set amount to be paid into the plan, not a percentage of the debt. The debtor calculates that a minimum of $   0   must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the debtor calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

## Check if applicable:

## [  ] Motion to Assume or Reject Executory Contracts and Unexpired Leases

**A.      The debtor(s)** moves to assume or reject the following executory contracts and unexpired leases. If assumed, payments due after the filing of the case will be paid directly by the debtor(s) rather than by the trustee.

**B.**      Unless otherwise provided, the debtor(s) proposes to promptly cure any pre-bankruptcy defaults on the assumed leases or contracts over a period of _____ months, with said payments to be made by the trustee.

|  |  | If Assumed, Amount of |
| Creditor | Assume or Reject | Arrearage paid in Plan |

1.
2.

## VII.   <u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
|  |  | $ | % | $ | $ | Assume |
|  |  | $ | % | $ | $ |  |

## VIII. <u>CALCULATION OF PLAN PAYMENT</u>

**A.** Secured claims (Section IV Total):            $0.00

**B**. Priority claims (Section V Total):            $None

**C.** Administrative claims (Section II Total):     $2299.00

**D**. General unsecured claims and undersecure

(Section VI Total):                                 $1000.00

**E**. Total of (A) through (D) above:              $3,299.00

**F**. Divide (F) by .90 for total cost including Chapter 13 trustee's fee (this represents the total amount to be paid into the Chapter 13 plan:

    **Total Cost of Plan:**          $3665.56

**G**. Divide (G) Cost of Plan by Term of Plan:     $101.82

**H**.  Round up to nearest dollar:

**Monthly Plan Payment:**     $**102.00**

## IX. LIQUIDATION ANALYSIS

**A. Real Estate:**

Address Fair Market  Value Recorded   Liens (Schedule D)

80 George Allen Rd.  $ 155,000.00   $224,306.00

Chepachet, RI

Total Net Equity in Real Property:     $ None

Less Exemptions (Schedule C):     $ None

Amount Available in a Chapter 7:     $None

**B.  Automobile** (Describe year, make and model):

2005 Chevy Silverado 4x$ extended cab Value $10500.00 Lien $ 15,503.00 Exemption $0.00

1995 Ford E-250 Van  Value $500.00  Lien $None Exemption $500.00

Net Value of Equity:    $500.00

Less Exemptions (Schedule C):   $500.00

Available Chapter 7:     $None

**C.  All Other Assets** (all remaining items on Schedule B): (Itemize as necessary)

| | |
|---|---|
| **Cash on hand** | **$40.00** |
| **Jt. savings account at Citizens Bank** | **$100.00** |
| **Jt. Checking account at Citizens Bank** | **$2500.00** |
| **Business checking account at Citizens** | **$500.00** |
| **Household goods** | **$2500.00** |
| **Miscellaneous** | **$  100.00** |
| **Wearing Apparel** | **$100.00** |
| **Merchants Insurance Group** | |
| **(business insurance) 1 million** | |
| **4 wheeler** | **$1500.00** |
| **4 dirt bikes** | **$4500.00** |

| | |
|---|---|
| **tools** | **$5000.00** |
| **log splitter** | **$1000.00** |
| **lawn tractor** | **$500.00** |

Value:  $\underline{18340.00}$ Less Exemptions (Schedule C): $\underline{16,525.00}$

Available Chapter 7:               $\underline{1815.00}$

**SUMMARY (Total amount available under Chapter 7) --** calculated based upon Net Equity (A and B) plus Other Assets (C) less any claimed exemptions:

**TOTAL AMOUNT AVAILABLE UNDER CHAPTER 7:** $ \underline{1815.00}$

Additional Comments regarding Liquidation Analysis:

_____


# X.  <u>GENERAL PROVISIONS</u>

1.  Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days (or such other period as the Court orders) after the removal of the property from the protection of the automatic stay.  For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay, as applicable.  This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or released to another lien holder.

2.  If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

3.  Unless otherwise ordered by the Court, all property of the estates as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case. All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

4. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages; to deem the prepetition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were

made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i).

5. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

# XI. ADDITIONAL CREDITOR DUTIES

**Additional Terms Applicable to Creditors**

**1.   Notice of Contract Change.**

(A) Pursuant to R.I. LBR 3002-1(c)(1) at any time during the pendency of Debtor's case, a Creditor must file on the Claims Register and serve upon the Trustee, Debtor, and Debtor's counsel (if applicable), at least thirty (30) days before the change is to take place, or a payment at a new amount is due, a notice (the "Notice of Contract Change") outlining any change(s) in the amount owed by Debtor under any Agreement, including any change(s) in the interest rate, escrow payment requirement, insurance premiums, change in payment address or other similar matters impacting the amount owed by Debtor under such Agreement (each a "Contract Change").   Additional amounts owed by the Debtor due to a Contract Change **may be disallowed by the Court** to the extent the amounts (i) were not reflected in a Notice of Contract Change filed as required by this subsection, and (ii) exceed the amount set forth in the proof of claim filed by the Creditor or deemed filed under this Plan.

(B) Within thirty (30) days of receipt of the Notice of Contract Change (defined above), Debtor shall either adjust the Post-Petition Payment to the amount set forth in the Notice of Contract Change, or file a motion with the court, objecting to the payment amount listed in the Notice of Contract Change and the stated reasons for the objection.

**2.   Notice of Outstanding Obligations.**

(A) Pursuant to R.I. LBR 3002-1(c)(1) at any time during the pendency of the Debtor's case, a Creditor shall file on the Claims Register and serve upon the Trustee, Debtor, and Debtor's counsel (if applicable) a notice containing an itemization of any obligations arising after the filing of this case that the Creditor believes are recoverable against the Debtor or against the Debtor's property (the "Outstanding Obligations").   Outstanding Obligations include, but are not limited to, all fees, expenses, or charges incurred in connection with any Agreement, such as any amounts that are due or past due related to unpaid escrow or escrow arrearages;  insurance premiums;  appraisal costs and fees;  taxes;  costs associated with the maintenance and/or upkeep of the property; and other similar items.   Within sixty (60) days after the date such Outstanding Obligations were incurred, a Notice of Outstanding Obligations shall be filed on the Claims Register, sworn to by the Creditor pursuant to 28 U.S.C. § 1746, referencing the paragraph(s) (or specific section(s) and page number(s)) in the Agreement that allows for the reimbursement of the services and/or expenses.  **This subsection will not apply to the extent that the court has previously approved a Creditor's outstanding obligations pursuant to a Court order or conditional order.**

(B) The Debtor reserves the right to file a motion with the court within sixty (60) days following the filing of a notice of outstanding obligations, objecting to the amounts listed in the Notice of

Outstanding Obligations and stating the reasons for the objection. The bankruptcy court shall retain jurisdiction to resolve disputes relating to any Notice of Outstanding Obligations.

**3. Application for Reimbursement of Costs and Fees of Professionals.**

Pursuant to Bankruptcy Rule 2016 and Local Rule 2016-1(d), a Creditor must file an application with the court no less than on an annual basis if it wishes to be compensated from the Debtor or the estate for services rendered or expenses incurred by its professionals [attorneys, accountants, appraisers, auctioneers, or other professional persons], after Debtor's filing of this Petition and before the issuance of the Notice of Discharge. The application shall include a detailed statement setting forth (1) the services rendered, time expended and expenses incurred during the previous 12 month period, and (2) the amounts requested. The application shall include a statement sworn to by the Creditor pursuant to 28 U.S.C. § 1746 that references the paragraph number(s) (or specific section(s) and page number(s)) in the Agreement that allows for the reimbursement of the services and/or expenses. A Creditor may request approval of multiple fees and expenses in a single application, and any application under this subsection must be filed on an annual basis to include all services rendered during the previous 12 month period. A final application under this subsection must be filed not later than thirty (30) days after the issuance of the Notice of Discharge in this case. **Failure to comply with the provisions in this subsection may result in disallowance by the Court of such fees and expenses.** The Debtor reserves the right to object to any application filed under this subsection. **This subsection will not apply to the extent that the court has previously approved a Creditor's fees or expenses pursuant to a Court order or conditional order.** The bankruptcy court shall retain jurisdiction to resolve disputes relating to any fee applications filed pursuant to this subsection.


# XII.   ADDITIONAL DEBTOR DUTIES


1. Insurance. Debtor shall maintain insurance as required by law, contract, security agreement or Order of this court.

2. Payment Records to Trustee. Debtor shall keep and maintain records of payments made to Trustee.

3. Payment Records to Secured Creditor(s). Debtor shall keep and maintain records of post-petition payments made to Secured Creditor(s).

4. Domestic Support Obligation(s). Under 11 U.S.C. § 1325(a)(8) and § 1328(a), if the debtor owes domestic support obligations, whether owed at the time of filing or incurred during the pendency of the bankruptcy case, the debtor must file a certification with the Chapter 13 Trustee stating that all such payments due under the plan have been paid before a discharge order may enter. Debtor shall maintain a record of all domestic support obligation payments paid directly to the recipient pursuant to a separation agreement, divorce decree, applicable child support collection unit order or other court's order.

5. Change in Address. Debtor must notify the court and the Trustee if the address or contact information changes during the pendency of the case. Notification must be made in writing within fifteen (15) days of when the change takes place.

6. Disposal of Property. The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate with a value of more than $1,000 other than in accordance with the confirmed Plan or other order of the Bankruptcy Court. The Debtor shall be responsible for preserving and protecting all property of the estate.

**XIII.**   OTHER PLAN PROVISIONS

**LOSS MITIGATION: (Optional)**

*This section applies only to the Debtor's Real Property Used as a Principal Residence.*

[ X ]  By checking this box, the Debtor expresses an interest in discussing loss mitigation (such as a loan modification, loan refinance, short sale, or surrender in full satisfaction) concerning the Debtor's Real Property Used as a Principal Residence.  List the property and/or the Secured Creditor(s) below:

80 George Allen Rd., Chepachet, RI /GMAC

The Debtor hereby permits the Secured Creditor(s) listed above to contact (check all that apply):

    ☐  The Debtor directly.
    X  Debtor's bankruptcy counsel.
    ☐                Other:_

(Debtor is not required to dismiss this bankruptcy Petition during the loss mitigation discussions.  Any agreement reached during the loss mitigation discussions may be approved pursuant to an amended plan, and the terms may be set forth in Section XII, below.)

**PLAN SERVICE AND SIGNATURES:**

Pursuant to the R.I. LBR 3015-1(b), the Debtor or his/her counsel is required to serve a copy of the Chapter 13 Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a certificate of service accordingly. In addition, if the Debtor has included a Motion to Modify Secured Claim and/or a Motion to Avoid Lien in this plan, the Debtor must also comply with the service requirements contained in R.I. LBR's 3015-1 and 4003-2.

/s/Christopher M. Lefebvre          12/17/09
Debtor's counsel                  Date

Address   PO Box 479

Pawtucket RI 02862

Telephone #:(401)728-6060

(401) 728-6534 (fax)

I/We declare under penalty of perjury that the information provided in the Chapter 13 Plan, including any applicable Motion(s) to Modify Secured Claims; Motion(s) to Avoid Certain Liens; Motion to Value Collateral; and Motion(s) for Assumption and Rejection of Executory Contracts and Unexpired Leases, as to all matters set forth herein, are true and correct to the best of our knowledge and belief:

/s/Mark A. Daignault            12/17/09
Debtor                    Date

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF RHODE ISLAND

**IN RE: MARK A. DAIGNAULT**          **BK No:09-14723**
                                      **Chapter 13**

### CERTIFICATION OF SERVICE

I hereby certify that on December 17, 2009, I electronically filed Chapter 13 plan with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System.  The following participants have received notice electronically:
Office of the U.S. Trustee, and John Boyajian, Esq.; and I hereby certify that I mailed a copy of the plan by certified mail to Green Tree Servicing LLC, 332 Minnesota St., Ste 610, Saint Paul, MN 55101 and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants:

Atlantic Credit & Finance Inc.
c/o Lynda L. Laing, Esq.
222 Richmond Street, Suite 208
Providence RI 02903

Atlantic Credit & Finance Inc.
207 North Gilbert Road, Suite 001
Gilbert, AZ 85234

Bank of America
201 N. Tyron Street
Charlotte NC 28202

Bank of America
PO Box 1390
Norfolk VA 23501

Calvary Portfolio Services
7 Skyline Dr. 3rd F
Hawthorne NY 10532

Chase Bank USA N.A.
800 Brooksedge Blvd
Westerville OH 43081

First Equity
c/o LHR Inc.
56 Main Street
Hamburg NY 14075

GEMB/American Honda
PO Box 981439
El Paso TX 79998

GEMB/Bombardier
PO Box 6153
Rapid City SD 57709

GMAC
3451 Hammond Avenue
Waterloo IA 50702

GMAC
PO Box 380901
Bloomington MN 55438

HSBC Bank Nev Yamaha-RBP Tier
c/o LVNV Funding, LLC
PO Box 10497
Greenville SC 29603

Orlans Moran PLLC
PO Box 962169
Boston MA 02196

Paul J. and Jill A. Fontana
c/oChristopher A Anderson, Esq
PO Box 46 (25 Danielson Pike)
North Scituate RI 02857

Progressive Insurance
c/o NCO Financial Services
PO Box 15636
Wilmington DE 19850

Verizon New England
500 Technology Drive
Weldon Spring MO 63304

Wells Fargo Bank
PO Box 27288
Tempe AZ 85285

WFFNatBank
PO Box 94498
Las Vegas NV 89193

/s/Maria J. Ferreira